**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan A. MARTINEZ, Defendant–**
**Appellant.**

**No. 01–3963.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 20, 2002.

Decided June 20, 2002.

Before WOOD, Jr., COFFEY, and ROVNER, Circuit Judges.

## ORDER

Juan Martinez pleaded guilty to one count of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The district court sentenced Martinez to 168 months' imprisonment. Martinez subsequently wrote a letter to the court expressing dissatisfaction with his trial attorney and requesting new counsel to assist him on direct appeal. The court construed Martinez's letter as a notice of appeal and appointed a new attorney, who has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that any appeal would be frivolous. Although notified of his opportunity to do so, Martinez did not respond. *See* Cir. R. 51(b). Because counsel's supporting brief is facially adequate, our review is limited to the potential issues identified by counsel. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first considers whether Martinez could challenge the validity of his guilty plea. But nothing suggests that Martinez wants to withdraw his plea, and we have held that an attorney should not raise arguments concerning defective plea colloquies in an *Anders* submission unless she is certain that the defendant wants to withdraw his plea. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). Moreover, the record establishes that Martinez's guilty plea was legally valid. Counsel observes that Martinez's plea colloquy complied fully with Rule 11(c) of the Federal Rules of Criminal Procedure: the court ensured that Martinez understood the nature of the plea agreement, the consequences of his plea, the rights he would waive by pleading guilty, and the sentencing options available to the court. Martinez listened to the government's offer of proof, which detailed meetings between Martinez and his co-defendants, their agreement to purchase 200 kilograms of cocaine from an FBI informant, and Martinez's active and willing participation in the conspiracy. The offer of proof contained all the elements necessary to prove conspiracy, as did the plea agreement. *See United States v. Yusufu*, 63 F.3d 505, 508–09 (7th Cir.1995). Martinez affirmed the facts presented by the government as correct, and the court's compliance with Rule 11 ensured that Martinez's plea was knowingly and voluntarily made. Having pleaded guilty, Martinez has admitted the facts as charged and waived his opportunity to present a defense on the merits. *United States v. Rietzke*, 279 F.3d 541, 545 (7th Cir.2002). We agree with counsel that an appeal challenging the basis of Martinez's guilty plea would be frivolous.

Counsel next asks whether Martinez could argue that the court erred in calcu-

lating his offense level at sentencing or in denying him a "safety valve" reduction under U.S.S.G. § 5C1.2. Because Martinez made no objections to the guidelines calculations, we would review these issues for plain error. Fed.R.Crim.P. 52(b); *United States v. Tyler*, 125 F.3d 1119, 1121 (7th Cir.1997).

The court based Martinez's offense level on the amount of cocaine that he and his co-defendants agreed to buy from the FBI informant even though a sale was never completed. When an offense involves an agreement to purchase drugs but the transaction has not been completed, the sentencing guidelines require the court to use the agreed-upon amount of drugs, not the delivered amount, to determine the base offense level. U.S.S.G. § 2D1.1, comment.(n.12). In such a case, it is the defendant's burden to prove that he did not have the intent to possess the negotiated amount of drugs. *United States v. Wash*, 231 F.3d 366, 373 (7th Cir.2000). The record contains no evidence that Martinez did not intend to possess the amount of drugs that he and his co-defendants agreed to buy from the FBI informant.

Likewise, the burden is on the defendant to establish that he deserves a "safety-valve" reduction. *United States v. Galbraith*, 200 F.3d 1006, 1016 (7th Cir. 2000). Martinez's PSR states that he did not provide the government with all the information he had concerning his offense, and that he was therefore ineligible for the safety valve. Nothing in the record refutes this conclusion. We agree with counsel that challenging Martinez's sentence on this basis would be fruitless.

Finally, counsel addresses whether Martinez could raise an ineffective assistance of counsel claim. Because ineffective assistance claims usually rely on evidence outside of the district court record, it is generally advisable to bring these claims

on collateral attack rather than on direct appeal. *United States v. Harris*, 230 F.3d 1054, 1059 (7th Cir.2000). Nothing in the record as it stands today suggests that Martinez could advance a viable ineffective assistance claim. If in the future Martinez marshals evidence that could establish the inadequacy of his trial attorney, he may file a motion under 28 U.S.C. § 2255.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.